LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABRAHAM GARCIA,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>ROCKY'S BAR NYC, INC.<br>　　d/b/a ROCKY'S,<br>ROCKY'S BAR & RESTAURANT, INC.<br>　　d/b/a ROCKY'S,<br>ROCKY'S BELLA PIZZA CORP.<br>　　d/b/a ROCKY'S,<br>JOHN DOE CORP.<br>　　d/b/a ER BAR AND LOUNGE,<br>MATTHEW HOXHAJ and INDRIT KRAJA,<br><br>Defendants. | Case No.:<br><br>CLASS AND COLLECTIVE<br>ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff, ABRAHAM GARCIA ("Plaintiff"), on behalf of himself and others similarly situated, by and through the undersigned attorneys, hereby files this class and collective action Complaint against Defendants, ROCKY'S BAR NYC, INC. d/b/a ROCKY'S, ROCKY'S BAR & RESTAURANT, INC. d/b/a ROCKY'S, ROCKY'S BELLA PIZZA CORP. d/b/a ROCKY'S, JOHN DOE CORP. d/b/a ER BAR AND LOUNGE, (together the "Corporate Defendants"),

1

MATTHEW HOXHAJ and INDRIT KRAJA (together the "Individual Defendants") (the Corporate Defendants and Individual Defendants are each individually referred to as a "Defendant" and collectively "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) unpaid spread of hours premium (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ABRAHAM GARCIA, is a resident of Bronx, New York.

6. The Defendants operate a number of pizzerias under the trade name "Rocky's." Such food services enterprise is comprised of four locations as follows:

        (a)     460 W 34th St, New York, NY 10001 ("34th Street Location");

        (b)     304 W 14th St, New York, NY 10014 ("14th Street Location");

        (c)     607 2nd Ave, New York, NY 10016 ("2nd Avenue Location"); and

        (d)     605 2nd Ave, New York, NY 10016 ("ER Bar & Lounge");

collectively, the "Rocky's Restaurants."

The Rocky's Restaurants operate as a single integrated enterprise. Specifically, the Rocky's Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Rocky's Restaurants are commonly owned by the Individual Defendants. The 14th Street and 2nd Avenue locations are numbered sequentially as "Rocky's I" and "Rocky's II," and the 34th Street location shares the "Rocky's" trade name (see exhibit A). All Rocky's Restaurants serve similar menu items. Food purchased from Rocky's may brought inside and consumed the ER Bar & Lounge because it is located next door to the 2nd Avenue location. Merchandise and employees are interchangeable among the Pizzeria Restaurants.

7. Corporate Defendants:

    (a) ROCKY'S BAR NYC, INC. is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 607 2nd Ave, New York, NY 10016.

    (b) ROCKY'S BAR & RESTAURANT INC. is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 460 W 34th St, New York, NY 10001.

    (c) ROCKY'S BELLA PIZZA CORP. is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 103-37 Continental Avenue, Forest Hills, NY 11375.

    (d) JOHN DOE CORP. is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 605 2nd Ave, New York, NY 10016.

8.     Individual Defendants:

(a) (i) MATTHEW HOXHAJ is a principal of all Corporate Defendants. MATTHEW HOXHAJ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to MATTHEW HOXHAJ directly regarding any of the terms of their employment, and MATTHEW HOXHAJ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MATTHEW HOXHAJ regularly visits each of the Pizzeria Restaurants and he directly reprimands any employee who does not perform his duties correctly.

(ii) MATTHEW HOXHAJ additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. MATTHEW HOXHAJ exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Pizzeria Restaurants are operating efficiently and profitably.

(b) (i) INDRIT KRAJA is a principal of all Corporate Defendants. INDRIT KRAJA exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work

4

schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to INDRIT KRAJA directly regarding any of the terms of their employment, and INDRIT KRAJA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. INDRIT KRAJA regularly visits each of the Pizzeria Restaurants and he directly reprimands any employee who does not perform his duties correctly. Defendant INDRIT KRAJA hired Plaintiff ABRAHAM GARCIA.

(ii) INDRIT KRAJA additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. INDRIT KRAJA exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Pizzeria Restaurants are operating efficiently and profitably.

9. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons including cooks, line-cooks, servers, bussers, bartenders, dishwashers, food preparers, runners, cashiers, delivery persons and counter

persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons including cooks, line-cooks, servers, bussers, bartenders, dishwashers, food preparers, runners, cashiers, delivery persons and counter persons employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.      Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the proper overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty per workweek, (ii) failing to pay "spread of hours" premium, (iii) failing to provide proper notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law and (iv) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law;

   e) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the

        beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law;

f)    Whether Defendants failed to properly compensate Class Members for their overtime compensation; and

g)    Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

22.    In or around June 2012, Plaintiff, ABRAHAM GARCIA, was hired by Defendants to work as a cook and counterman for the ROCKY'S 607 2nd Avenue location. Throughout his employment, he was transferred as needed to work at the ER BAR AND LOUNGE at the 605 2nd Avenue location. Plaintiff GARCIA's employment with Defendants was terminated in or about June 2013. He was hired directly by INDRIT KRAJA.

    Plaintiff GARCIA's regular work schedule was 6 (six) or 7 (seven) days per week. He worked from 11:00 a.m. to 10:00 p.m. for three or four days and from 11:00 a.m. to 4:00 a.m. or 5:00 a.m for the rest of the week. During this time, he was compensated at an hourly rate of $10.00 for all hours worked, including all hours worked over 40 per week. Based on his direct observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members similarly were paid straight time for all hours worked over 40 at all of the Pizzeria Restaurants operated by Defendants. In fact, Plaintiff and Class members were paid by check for their first 40 hours and the rest in cash at a straight time rate. They were not required to clock in or out.

23.  Defendants knowingly and willfully operated their business with a policy of not paying the federal and New York State overtime premium rate for all hours worked in excess of forty per workweek to Plaintiff, FLSA Collective Plaintiffs and Class members.

24.  Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, even when their workday exceeded ten (10) hours.

25.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  In fact, Plaintiff and Class members were paid by check for their first 40 hours and the rest in cash at a straight time rate. They were not required to clock in or out.

26.  Defendants failed to provide proper wage notices to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

27.  Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

28.  Plaintiff realleges and reavers Paragraphs 1 through 27 of this class and collective action Complaint as if fully set forth herein.

29.  At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29

U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

30. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

31. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

32. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

33. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

38. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiff and Class members overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Plaintiff and Class members regularly worked more than ten hours in a workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium for each day they worked ten or more hours.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. In fact, Defendants did not provide Plaintiff and Class members with any form of wage statement.

44. Defendants knowingly and willfully operated their business with a policy of not providing wage notices as required under the New York Labor Law at the time of hiring or annually thereafter.

45. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d) An award of unpaid "spread of hours" premium due under the New York Labor Law;

e) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

h) An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i) Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j) Designation of this action as a class action pursuant to F.R.C.P. 23;

k) Designation of Plaintiff as Representative of the Class; and

l) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 21, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
C.K. Lee, Esq.